LESLIE W. SLAUGH, (3752), and
PHILLIP E. LOWRY (6603), and
RICHARD L. PETERSEN (9494), for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street
P.O. Box 1248
Provo, Utah 84603
Telephone: (801) 373-6345
Facsimile: (801) 377-4991

Our File No. 27,887

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JILL MILLER TARBET and LISA MILLER, Plaintiffs, vs. MATTHEW E. MILLER; ANGELES A. ACEITUNA, a.k.a. ANGELES A. MILLER; and JOHN AND JANE DOES I-VI., Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** Case No. 2:05-cv-00635-PGC |

The defendants, by and through counsel, hereby submit the following memorandum in support of their Motion for Protective Order filed herewith. As authorized by Rule 26(c) of the Federal Rules of Civil Procedure, the defendants hereby request a protective order over the subpoena issued "Attention Jeanne Walker" regarding "[a]ny and all records, statements, documents, etc. pertaining to Matthew E. Miller; Angeles A. Aceituna; Angeles A. Miller; Elaine M. Miller; Earl

A. Miller; Elaine M. Miller Rentals; LLC.; Elaine M. Miller Properties; LLC, Lilac Management, LLC; Miller Snowboard Corporation; Miller Ski Company, Inc.; MST Funding & Acquisitions, LLC; Matthew E. Miller , P.C.; Kai Jo Capital, Inc.; Miller Enterprises, L.L.C.; Miller Sports Technologies, Inc.; Miller Sports International, L.L.C.; McKinley Mining & Management, L.L.C.; Seventh Millennium, L.L.C.; and Pieces of Time, L.L.C.."

## ARGUMENT

The defendants and the third-party entities need a protective order from the Court over the subpoena requesting "records, statements, documents, etc.," (hereinafter referred to as the "documents"), in order to protect themselves from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ. P. 26(c). The defendants can demonstrate that "good cause" exists for the Court to issue the protective order.

A protective order may be issued upon a showing of "good cause." Id. Good cause exists if the moving party can establish that the disclosure will cause a specifically defined injury. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3rd Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 771, 783-84 (3rd Cir. 1994). The determination of good cause is often found by balancing the interests of the parties. "In determining the need for a protective order, the court must balance the interests of the plaintiff in having the information, and the interests of the defendant or society in keeping that information confidential." Estate of Hoyle v. American Red Cross, 149 F.R.D. 215, 216 (D. Utah 1993); see also Shingara v. Skiles, 420 F.3d 301, 306 (3rd Cir. 2005).

The protection of private and confidential information is generally governed Rule 26(b) of the Federal Rules of Civil Procedure which allows a party to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed.R.Civ. P. 26(b)(1). Therefore, any information that is sought through discovery for an irrelevant purpose, may be limited by Rule 26(c). It has been held that a showing of irrelevancy of the proposed discovery can satisfy the requirement of good cause under the protective order. Smith v. Dowson, 158 F.R.D. 138, 140 (D. Minn. 1994).

Relevant information has been defined as information "that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340,351 (1978). However, "practical considerations dictate that the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Surety Association of America v. Republic Insurance Company, 338 F.2d 412, 414 (2d Cir. 1967). Although information need not be admissible at trial, as long as it is reasonably calculated to lead to the discovery of admissible evidence, it has been held that such a broad directive is governed by the theory that "discovery is not a fishing expedition." Delfrate v. Letts, 95-185, 1996 WL 420880 (M.D. Fla. 1996). Furthermore, a party's complaint in a given action is not "a hunting license to discover whether, in fact, a viable claim may be alleged. . . .[t]he discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made-not to discover

3

whether a claim exists." <u>American Communications Ass'n, Local 10. I.B.T. v. Retirement Plan for Employees of RCA Corp. And Subsidiary Cos.</u>, 488 F.Supp. 479, 484 (S.D.N.Y.aff'd without opinion, 646 F.2d 559 (2nd Cir. 1980).

Elaine Miller and Earl Miller are the mother and father of Matthew E. Miller and mother-in-law and father-in-law of Angeles A. Miller. There are currently two cases at issue; the current case in the federal court, as well as a state court case regarding the probate of the Estates of Elaine M. Miller and Earl A. Miller. This case is a classic example of when a protective order is needed in order to protect individuals and entities from annoyance, embarrassment, harassment and oppression, as well as to protect and maintain the privacy of the defendants and the various entities.

The plaintiffs have only a mere suspicion that the defendants have acted inappropriately. The plaintiffs have presented broad factual conclusions in their complaint that the defendants acted inappropriately with Elaine and Earl Miller's finances or supposed estate plan. The plaintiffs have provided nothing more than speculation which does not provide sufficient information to qualify under the Rule 26(b) standard of discovery. Under Rule 26(b), the information sought must be relevant. The purpose of the rule is to protect the defendants from annoyance, embarrassment, oppression, or undue burden or expense. The defendants will be injured, both personally and in their various business models, if the information is produced.

The plaintiffs in their subpoena to Wells Fargo Bank, have requested any and all records, statements, documents, etc. pertaining to the personal accounts of Matthew E. Miller, Angeles A.

Aceituna and Angeles A. Miller. The personal accounts of the defendants are entitled to a privacy standard as the personal accounts are not a part of the subject matter of the current action. Due to the animosity between the family members who are also the parties to the current action, providing the information to the plaintiffs would not only result in an invasion of privacy, but also a clear annoyance to the defendants. The plaintiffs could use the personal information of the defendants to harass, oppress and generally cause contention and further animosity between family members. The plaintiffs have not demonstrated that the individual information in the personal accounts of Matthew E. Miller and Angeles A. Aceituna aka Angeles A. Miller in any way relates or is relevant to the current cause of action. Furthermore, it is the claim of the plaintiffs that the defendants somehow developed a scheme to defraud the parents of Matthew Miller over several years prior to their deaths. It is the plaintiffs' indication that the defendants included in that fraudulent scheme various trusts and business entities so as to divert funds from their parents' respective estates. There is absolutely no claim that any personal account of the defendants was involved in any proposed fraudulent scheme. The plaintiffs cannot show, nor do they have the underlying facts to demonstrate that any personal account of the defendants was involved in any type of fraudulent scheme.

Not only have the plaintiffs asked for information regarding the defendants' personal accounts, but they have also very broadly asked for all records, statements, documents, etc. pertaining to Elaine M. Miller and Earl A. Miller. Such a request is extremely broad and reaches the point of oppression and annoyance, as Elaine M. Miller and Earl A. Miller may or may not be on

business and personal accounts to which they may or may not be a named party on the account and have simple signature authority over the account. It appears, when attempting to gain any and all information, including records, statements and documents, about Elaine M. Miller and Earl A. Miller, the plaintiffs are on a fishing expedition to gain some sliver of truth to their accusations. What appears to be occurring through the subpoena is that the plaintiffs are hunting for assets in an attempt to demonstrate that the defendants somehow did something which was contrary to Elaine M. Miller and Earl A. Miller's wishes. The problem with the broad request is that not only would the defendants' personal accounts be subject to the request, but also many of the business entities to which Elaine M. Miller or Earl A. Miller had signature authority over. The defendants are clearly injured with their personal accounts, as it is a clear invasion of privacy into their accounts which results in annoyance and potential oppression by the plaintiffs. The business accounts also face the same and similar privacy issue, as well as clear annoyance and potential oppression by the plaintiffs.

The request for records, statements and documents from the various business accounts under the subpoena should also be quashed, as the various business accounts are not the subject of the current action. The businesses named in the subpoena are not named parties in the current action, nor have the plaintiffs provided a substantial link between their various causes of action and the business entities listed on the subpoena. The plaintiffs' only cause of action against the defendants wherein any substantial issue is raised as to the various entities listed in the subpoenas is that of the Fourth Claim for Relief entitled "Violation of the Racketeer Influenced and Corrupt Organizations

(RICO) Act (18 U.S.C. § 1961 et seq.)." In the plaintiffs' complaint, they specifically provide that the defendants used income derived from racketeering activity in order to maintain an interest in and control over one or more of the business enterprises listed in their complaint, which are also listed in the subpoena. (See plaintiffs' First Amended Complaint, ¶ 105.) The plaintiffs also claim that the defendants made material representations in furtherance of their scheme to defraud or obtain money or property by false or fraudulent pretenses. (See plaintiffs' First Amended Complaint, ¶ 106.) The plaintiffs then go on to list or describe various communications between the parties in an attempt to explain that the defendants have devised a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises. The examples are extremely broad and cover approximately a six-year period. The subpoena does not specify a time frame; rather, it requests all records from all the businesses.

The plaintiffs have never had an interest in any of the business entities, nor have they ever been shareholders in any of the business entities. By opening up the bank records of any of the businesses, not only do the members and shareholders of the businesses become subject to a privacy violation, but any and all business, trade secrets, plans, investments, day-to-day business activities and a good portion of their financial records become available to the plaintiffs. This is clearly an oppressive type action by the plaintiffs. The plaintiffs have never claimed that they have a membership interest or that they are shareholders in any of the business entities, and allowing access to the business records would be eerily similar to access granted to a member or a shareholder upon

request. The plaintiffs have not pled that they are members or shareholders of the various entities; rather, they are now coming after the fact that many of these business entities are no longer in operation and attempting to gain access to the financial records of the business entities. Again, this appears to be a fishing and hunting expedition by the plaintiffs in order to substantiate a belief or accusation developed by the plaintiffs.

The information obtained in the personal accounts or business accounts as listed in the subpoena would be of mere marginal relevance, and the potential harm occasioned by the discovery under the subpoenas would clearly outweigh the ordinary discovery presumption in favor of broad disclosure. The plaintiffs have not shown any basis for believing that the business entities or the personal business accounts have committed any such wrongdoing so as to justify such a broad subpoena in order to obtain various documents which are potentially harmful to the defendants as well as the various business entities.

## CONCLUSION

The defendants need protection under the protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure so as to protect their privacy in their individual accounts as well as the various business accounts over which they have authority. The business accounts contain proprietary information which, if released to the plaintiffs, would be oppressively harmful and would release potential trade secrets and other information of great importance to the business entities. The plaintiffs have made little or no showing other than general accusations against the defendants. The

defendants would request that the plaintiffs' subpoena be quashed and that the protective order be entered.

DATED this 30th day of November, 2005.

_____
LESLIE W. SLAUGH, and
PHILLIP E. LOWRY, and
RICHARD L. PETERSEN, for:
HOWARD, LEWIS & PETERSEN, P.C.
Attorneys for Defendants

## MAILING CERTIFICATE

I hereby certify that a true and correct copy of the foregoing was mailed to the following, postage prepaid, this 30th day of November, 2005.

  Bruce W. Shand, Esq.
  4505 S. Wasatch Blvd., Suite 340
  Salt Lake City, UT 84124

  Bradley L. Booke, Esq.
  Jeffrey D. Gooch, Esq.
  Ryan M. Springer, Esq.
  Moriarity, Gooch, Badaruddin & Booke, LLC
  9 Exchange Place, Suite 700
  Salt Lake City, UT 84111

          *Keri Cheney*
          SECRETARY

I:\Miller Matthew 27887-2\Memo in Support of Motion for Protective Order 20051110.wpd