ROBERT C. AVERY (USB #10857)
JERRY D. REYNOLDS (USB #8748)
**ASCIONE, HEIDEMAN & MCKAY, L.L.C.**
2696 North University Avenue, Suite 180
P.O. Box 600; Provo, UT 84604
Telephone: (801) 812-1000
Fax: (801) 374-1724
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JILL MILLER TARBET and LISA MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW E. MILLER; ANGELES A. ACEITUNA, a.k.a. ANGELES A. MILLER; and JOHN AND JANE DOES I-VI,<br><br>Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**<br><br>Case No: 2:05 cv 00635 PGC<br><br>Hon. Judge Paul G. Cassell |

COME NOW the Defendants, through their attorneys of the law firm Ascione, Heideman & McKay, L.L.C., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), and hereby submits the following Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss under rules 12(b)(6) and 9(b).

**INTRODUCTION**

The core issue in Plaintiffs' First Amended Complaint (the "Complaint") concerns allegedly fraudulent actions taken by Defendants. However, Plaintiffs fail to plead each of the required elements of fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"). Specifically, as pleaded in their sixth cause of action for fraud,

1

Plaintiffs do not identify which Defendant performed the allegedly fraudulent actions. Also, Plaintiffs do not specify what actions by which Defendant constituted fraud, why or how Plaintiffs reasonably relied upon such actions, and how such actions caused direct injury to Plaintiffs. Accordingly, Defendants are unable to adequately defend and rebut Plaintiffs' broad and improper allegations. Therefore, the Court should find that Plaintiffs' Complaint has not met the requirement for particularity set forth in Rule 9(b), that Plaintiff's Complaint therefore fails "to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6), and dismiss Plaintiffs' Complaint insofar as such complaint relates to any allegation of fraud.

## ARGUMENT

I. THE COURT SHOULD DISMISS PLAINTIFFS' CAUSE OF ACTION FOR FRAUD UNDER RULE 9(b) BECAUSE PLAINTIFFS FAILED TO ASSERT SUCH CAUSE OF ACTION WITH THE REQUIRED DEGREE OF PARTICULARITY.

The Court should dismiss Plaintiffs' cause of action for fraud under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) specifically requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiffs completely fail to state their cause of action for fraud with the required degree of "particularity," and therefore the Court should dismiss such cause of action.

Under Utah law, the elements that a party must allege to bring a claim in fraud are (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably

and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage. Gold Standard, Inc. v. Getty Oil Co., 915 P.2d 1060, 1066-67 (Utah 1996) (citations omitted). Courts require a stricter standard of particularity for allegations of fraud in order to allow defendants proper notice of the precise action complained of by defendant. Arena Land, 906 F. Supp. at 1475. Therefore, "Under Rule 9(b)…elements of reasonable reliance, causation, and injury are among the 'circumstances constituting fraud' that must be pleaded with particularity. Absent such pleading, plaintiffs' fraud claim remains vulnerable to dismissal pursuant to Fed.R.Civ.P. 9(b)." MacArthur v. San Juan County, 2005 WL 3764933 (D. Utah 2005).

Accordingly, to maintain a proper cause of action based upon fraud, Plaintiffs must plead each element of fraud with particularity. Such particularity should have included who made each of the allegedly fraudulent representations, why the representation concerned a material fact, how the representation was false, how Plaintiffs acted in reasonable reliance upon the representation, and how such reliance resulted in injury to Plaintiffs. Importantly, Plaintiffs must specify how each representation resulted in direct reliance on Plaintiffs' part, which reliance then caused injury or damage to a specific amount of property.

Despite their duty to plead with particularity, Plaintiffs fail to meet the required standard and merely recite the elements of fraud in the Complaint along with vague, undated allegations of fraud. Plaintiff's set forth six paragraphs[1] within the section titled "Facts Common to All Causes of Action" which allege fraudulent actions perpetrated by Defendants. However, not one

---

[1] See Plaintiffs' Complaint at ¶¶ 25, 26, 28, 42-44.

3

of these paragraphs contains a description of a specific act of fraud, a date for that fraudulent act, any description of how Plaintiffs relied on the alleged act of fraud, or any causal relationship between Defendants' unspecified actions and Plaintiffs' alleged damages.

In their second claim for relief regarding Constructive Trust, Plaintiffs set forth two paragraphs alleging fraud[2] but, like the other fraud-related paragraphs in their Complaint, fail to set forth these allegations with sufficient particularity.  While there is a passing reference to Plaintiffs' damages, there is no specific allegation of fraud, no identification of which Defendant, if any, perpetrated the fraud, no mention of how any why Plaintiffs' relied on the fraud, and no connection drawn between Plaintiffs' reliance and Plaintiffs' damages.

The most specific allegations of fraud are found in paragraph 107, and its subparagraphs, of Plaintiffs' fourth claim for relief regarding RICO.  However, while most of these paragraphs refer to the date of a facsimile transmission or a letter, every element of fraud alleged therein either refers to a fraud perpetrated against someone who is not a Plaintiff[3] in this case or otherwise fails to show how Plaintiffs relied on the alleged fraudulent act of Defendants[4] or both.

The final allegations of fraud in Plaintiffs' Complaint[5] merely recite the elements of fraud that are required to be found in a complaint for fraud.  Not one element of particularity that is required under Rule 9(b) is found therein.

---

[2] Id. at ¶¶ 86-87.

[3] Id. at ¶ 107.  Subparagraphs (b) - (k) refer to facsimile transmissions sent to Earl A. Miller.  Importantly, the Estate of Earl A. Miller is not a Plaintiff in this case.

[4] Id. at ¶ 107.  Subparagraphs (l) - (o) refer to two letters written by Defendant Matthew Miller.  Each is a letter to either his sisters or to opposing counsel written in an effort to resolve the case.  None of the four references to these letters specifies a fraudulent statement or specifies how Plaintiffs relied on the contents to Plaintiffs' detriment.

[5] Id. at ¶¶ 146-148, 151, stating that: "Defendant [not specifying which Defendant] made express representations to Plaintiffs about Earl A. Miller and Elaine M. Miller's living estates and post-death distribution plans. The

4

Importantly, this Court referenced, in MacArthur, a Utah case stating that, "the mere recitation by a plaintiff of the elements of fraud in a complaint does not satisfy the particularity requirement." Id. quoting Armed Forces Ins. Exch. v. Harrison, 70 P.3d 35, 40 (Utah 2003). Plaintiffs seem to completely ignore the particularity requirements of Rule 9(b) and do not identify how or why they meet the elements of "reasonable reliance, causation, and injury" as required by MacArthur.

Plaintiffs may attempt to justify their improperly plead Complaint due to the need to conduct discovery and thereby request additional time to conduct discovery in order to obtain the information needed to meet Rule 9(b)'s specificity requirement. However, "a party may not justify a failure to plead fraud with particularity by arguing that he cannot meet the standards of Rule 9(b) without discovery." Arena Land, 906 F. Supp. at 1476, quoting Lochhead v. Alacano, 697 F.Supp. 406, 415 (D. Utah 1998). Therefore, under the standards set forth in Rule 9(b) and pursuant to the application of Rule 9(b) stated in MacArthur, the Court should dismiss Plaintiffs' cause of action for fraud due to a failure to plead with specificity.

Importantly, Plaintiffs' broad assertions pertaining to Defendants' alleged fraudulent actions impede Defendants' ability to defend against such allegations. At bare minimum, Plaintiffs should have used their Complaint to "identify particular defendants with whom they dealt directly…designate the occasions on which affirmative statements were allegedly made to them—and by whom; and …designate what affirmative misstatement or half-truths were

---

representations were concerning material facts pertaining to Earl A. Miller and Elaine M. Miller's living estates and testamentary intentions. The representations were false, and Defendant knew and/or should have known that they were false…Plaintiffs, acting reasonably and in ignorance of the falsity of the material misrepresentations, relied upon them, were thereby induced to act, and were damaged thereby in an amount to be proven at trial."

5

directed to them—and how." Arena Land & Inv. Co. v. Petty, 906 F. Supp. 1470, 1476 (D. Utah 1994); *see also* Cook v. Zion's First Nat'l Bank, 645 F. Supp. 423, 424-25 (D. Utah 1986) (noting that plaintiffs must "set forth in specific terms the time, place, content, and manner of each of defendant's alleged material misrepresentations or otherwise fraudulent conduct," particularly "in cases involving multiple defendants."). Without specifications concerning particular communications that were allegedly fraudulent, who made such communications, which communications Plaintiffs relied upon and how, and how such communications caused injury to Plaintiffs, including the specific property affected, Defendants cannot be expected to properly rebut Plaintiffs' broad assertions.

II. THE COURT SHOULD DISMISS PLAINTIFFS' CAUSE OF ACTION FOR FRAUD UNDER RULE 12(b)(6) BECAUSE PLAINTIFF'S FRAUD ALLEGATIONS ARE NOT SUFFICIENT PER RULE 9(b).

Because Plaintiffs' cause of action for fraud fails to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, this Court should dismiss that cause of action for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6).

It has been established law within the 10th Circuit for over a decade that the purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).

Even if the allegations regarding fraud that are found "within the four corners" of Plaintiff's Complaint are taken as true, they are not sufficient under Rule 9(b), as discussed supra, to state a claim upon which this Court may grant relief.

Accordingly, this Court should dismiss Plaintiff's sixth cause of action for fraud for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Rule 12(b)(6) Motion to Dismiss.

SIGNED and DATED this 27th day of February, 2006.

                                                                     **ASCIONE, HEIDEMAN & MCKAY, L.L.C.**

                                                                     _____

                                                                     JERRY D. REYNOLDS,
                                                                     Attorney for Defendants