ROBERT C. AVERY (USB #10857)
JERRY D. REYNOLDS (USB #8748)
PATRICK J. ASCIONE (USB #6469)
**ASCIONE, HEIDEMAN & MCKAY, L.L.C.**
2696 North University Avenue, Suite 180
P.O. Box 600; Provo, UT 84604
Telephone: (801) 812-1000
Fax: (801) 374-1724
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JILL MILLER TARBET and LISA MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW E. MILLER; ANGELES A. ACEITUNA, a.k.a. ANGELES A. MILLER; and JOHN AND JANE DOES I-VI,<br><br>Defendants. | **OBJECTION TO PLAINTIFFS' PROPOSED ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING BANKING RECORDS FROM WELLS FARGO AND SEALING ALL RECORDS ASCERTAINED BY SUBPOENAS TO WELLS FARGO**<br><br>Case No:  2:05 cv 00635 PGC<br><br>Hon. Judge Paul G. Cassell<br>Magistrate Judge Samuel Alba |

COMES NOW Defendants, by and through counsel undersigned, pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure, and respectfully submits the following Objection to Plaintiffs' Proposed Order Denying Defendants' Motion for Protective Order Concerning Banking Records from Wells Fargo and Sealing All Records Ascertained by Subpoenas to Wells Fargo.  Defendants' counsel and Plaintiffs' counsel have reviewed each other's alternative

orders, have discussed the nature of same in relation to the Court's decision of February 13, 2006, and have been unable to reach agreement regarding the provisions of Plaintiffs' Proposed Order. Accordingly, Defendants file the following objection with this Court:

## OBJECTION

As written, Plaintiffs' Proposed Order fails to adequately protect commercial information that is otherwise held confidential by Defendants and other non-party companies whose information is the subject of Plaintiffs' subpoena.

Defendants' counsel asserts that the Court's ruling at the time of hearing indicates that the Court shared Defendants' concern regarding the confidentiality of the information so subpoenaed. Simply sealing all of the documents, as Plaintiffs' Proposed Order dictates, that are filed with the Court does not adequately protect the confidentiality of the information that will be received by Plaintiffs.

Plaintiffs have stated their intention to provide Defendants' confidential information (including confidential commercial communications, contract values, prices of materials or goods purchased or sold by the entities, trade secrets, research and development of new products, and other information that could harm Defendants' business interests) to outside experts who are not parties to this action. Further, Plaintiffs' counsel, during telephone conversations with Defendants' counsel while discussing Plaintiffs' Proposed Order, stated that he specifically had the right to show the information discovered to "any expert or outside individual" that he chose to give it to.

2

Defendants are extremely concerned that this indiscriminate and uncontrolled disclosure of this information will fundamentally defeat any attempt to maintain its confidential nature under seal. Defendants and the non-party companies so affected are justifiably concerned that this confidential information may be used by other non-parties for their own personal benefit and/or disclosed to competitors or other non-parties to the detriment of Defendants' business interests.

In order to provide Plaintiffs with the information sought while protecting Defendants' confidential information, Defendants respectfully request that this Court issue an order that includes the following reasonable restrictions:

1. That dissemination of the subpoenaed information be limited to expert witnesses who have been employed for the purposes of the instant case,

2. That, prior to Plaintiffs dissemination of any of the subpoenaed information to any such expert witness, Plaintiffs disclose the identity and contact information of the expert witness to Defendants and the non-party companies listed by Plaintiffs in order to provide sufficient time for possible objection by Defendants or non-party companies,

3. That, prior to Plaintiffs dissemination of any of the subpoenaed information to any such expert witness, Plaintiffs bind such expert witnesses with a confidentiality agreement in favor of and in form approved by Defendants and non-party companies, and

4. That all pleadings and documents filed with this or any Court containing this protected financial information shall be filed under seal.

Defendants do not wish to hinder Plaintiffs from rightfully discovering information pertinent to the instant case but respectfully request the above restrictions solely for the purpose of protecting confidential information from outside individuals who may try to use such information to the detriment of Defendants and non-party companies in the context of their business activities.

If the Court does not summarily grant Defendants' request based upon the reasons set forth within memoranda already on file, Defendants respectfully request a hearing on the matter.

SIGNED and DATED this 27th day of February, 2006.

                                                   **ASCIONE, HEIDEMAN & MCKAY, L.L.C.**

                                                   _____
                                                   JERRY D. REYNOLDS,
                                                   Attorney for Defendants