IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JILL MILLER TARBET AND LISA MILLER,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>MATTHEW E. MILLER; ANGELES A. ACEITUNA a/k/a ANGELES A. MILLER; and DOES 1-6,<br><br>　　　Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIM<br><br><br><br>Case No. 2:05-CV-00635 PGC |

In this removal action, the plaintiffs Jill Miller Tarbet and Lisa Miller allege that the defendants Matthew Miller and Angeles Aceituna (a/k/a Angeles A. Miller) defrauded them of their share of their parent's estate. This matter is before the court on the defendants' motion to dismiss the plaintiffs' fraud claim pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. The plaintiffs oppose the defendants' motion to dismiss and request oral argument. Because the plaintiffs failed to adequately plead their fraud claim, the court GRANTS the motion to dismiss. The court DENIES the plaintiffs' request for oral argument.

**BACKGROUND**

The plaintiffs and the defendant Matthew Miller are three of four children of Earl and Elaine Miller. Earl and Elaine's fourth child is not a party to this action.

Earl and Elaine amassed wealth during their lifetimes from inventions and sales of ski equipment. Earl and Elaine consulted an attorney about preserving their estate (consisting mostly of real estate and family businesses) for their four children. The attorney advised Earl and Elaine to divest themselves of title to and ownership of tangible assets and real property and they began devising a plan to do so. Earl and Elaine eventually gave Matthew the duties and obligations of planning for preservation and eventual distribution of their estate. Earl and Elaine intended that upon their death, their estate would be divided equally among their four children.

In their First Amended Complaint, the plaintiffs generally allege, among other things, that the defendants willfully or recklessly made representations to them about Earl and Elaine's living estate and post-death distribution plans that defendants knew or should have known were false to induce the plaintiffs to act on the same and that the plaintiffs reasonably acted upon the representations.[1] The plaintiffs also allege that Earl demanded accountings from Matthew. Matthew, however, was evasive about his actions regarding the estate and did not provide any accounting.[2]

Earl died on June 14, 2002. Elaine died on October 23, 2003. Following Elaine's death, the defendants did not begin probate proceedings on the estate. The plaintiffs therefore filed an

---

[1] *See* First Amended Complaint ¶¶ 145-51.

[2] *See id.* at ¶¶ 60-61

action in state court, seeking appointment as representatives of the estate.  This state probate proceeding is still pending.  The plaintiffs then filed this action in state court, asserting RICO, undue influence, quiet title, tortious interference, fraud, negligent misrepresentation, conversion, conspiracy, intentional infliction of emotional distress, unjust enrichment, and negligence claims.  The defendants removed this action to this court based upon the plaintiffs' RICO claims.  The defendants then filed an answer.  The defendants now move to dismiss the fraud claim.  The plaintiffs oppose the motion to dismiss.

## DISCUSSION

Pursuant to Rules 12(b)(6)[3] and 9(b),[4] the defendants move to dismiss the plaintiffs' fraud claim.  The plaintiffs respond that the defendants' motion to dismiss is untimely, the motion should be treated as a motion for judgment on the pleadings, they should be allowed to conduct discovery, and the motion to dismiss is without merit.

**I.    The Court May Consider the Motion to Dismiss Although it is Untimely Under Rule 12(b).**

The plaintiffs first argue that the defendants should have moved to dismiss their fraud claim before answering the complaint.  They also argue that because the defendants did not do so, the court should treat the motion to dismiss as a motion for judgment on the pleadings.  Rule 12(b) provides that a motion to dismiss for failure to state a claim "shall be made before pleading

---

[3] *See* Fed. R. Civ. P. 12(b)(6).

[4] *See* Fed. R. Civ. P. 9(b).

3

if a further pleading is permitted."[5]  Rule 12(h), however, provides that a defendant can raise the failure to state a claim defense "in any pleading permitted or ordered under Rule 7(a), or *by judgment on the pleadings*, or at the trial on the merits."[6]  Although the defendants' motion to dismiss is untimely under Rule 12(b), Rule 12(h) expressly permits the motion to be made by a motion for judgment on the pleadings.

The Tenth Circuit has recognized that courts may treat a motion to dismiss for failure to state a claim filed after the answer as a Rule 12(c) motion for judgment on the pleadings.[7]  The same standard is used to evaluate these motions.[8]  The court therefore treats the defendants' motion to dismiss the fraud claim as if it were a motion for judgment on the pleadings.

II.     **The Court is Not Required to Consider the Plaintiffs' Affidavits or to Allow Discovery.**

The plaintiffs submitted affidavits in support of their opposition to the motion to dismiss. When considering a motion to dismiss for failure to state a claim, the court need not consider materials outside of the complaint unless the complaint refers to or the materials are attached to the complaint.[9]  In this case, the First Amended Complaint does not refer to the affidavits nor are the affidavits attached to the complaint.  Accordingly, the court need not consider them.

---

[5] Fed. R. Civ. P. 12(b).

[6] Fed. R. Civ. P. 12(h)(2) (emphasis added).

[7] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002); *Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 n.5 (10th Cir. 1998).

[8] *See Jacobsen*, 287 F.3d at 941 n.2.

[9] *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Moreover, Rule 12(c) states:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.[10]

This court has broad discretion in determining whether to accept materials outside of the pleadings[11] and thereby convert a motion to dismiss or a motion for judgment on the pleadings into a motion for summary judgment. The plaintiffs, however, have not asked the court to convert the defendants' motion to dismiss into a motion for summary judgment. Rather they simply seek to conduct discovery. Nothing in Rule 12(b)(6) or 12(c) requires the court to allow the plaintiffs to conduct discovery before the court considers whether the plaintiffs' First Amended Complaint fails to state a fraud claim.[12] Accordingly, in ruling on the defendants' motion to dismiss, the court considers the pleadings and declines to consider the affidavits, which are materials outside the pleadings.

### III. The Plaintiffs Have Failed to Plead Fraud with Required Particularity.

A motion to dismiss for failure to plead fraud with particularity under Rule 9(b) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss.[13] The court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most

---

[10] Fed. R. Civ. P. 12(c).

[11] *See, e.g.,* Lowe, 143 F.3d at 1381.

[12] *See id.; cf.* Fed. R. Civ. P. 56(f).

[13] *See* Grossman v. Novell, 120 F.3d 1112, 1118 n.5 (10th Cir. 1997).

favorable to the nonmoving party."[14]  A Rule 12(b)(6) motion to dismiss is properly granted "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[15]

The parties agree that the controlling substantive elements of common law fraud under Utah law are: (1) that a representation was made, (2) concerning a presently existing material fact, (3) which was false, (4) which the representor either knew to be false or made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, and (5) for the purpose of inducing the other party to act upon it; and (6) that the other party, acting reasonably, and in ignorance of its falsity, (7) did in fact rely upon it, (8) was thereby induced to act, (9) to that party's injury and damage.[16]

In their fraud claim, the plaintiffs generally pleaded allegations in the language of these elements.  Fraud claims, however, must be pleaded with particularity and a mere recital of the elements is insufficient.[17]  Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent,

---

[14]*Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) (quoting *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003) (quotations and citation omitted)).

[15] *Nelson,* 419 F.3d at 1119 (quoting *Clark,* 319 F.3d at 1240 (quotations and citation omitted)).

[16] *Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1066-67 (Utah 1996).

[17]*See Brown v. Chafee,* 612 F.2d 497, 503 (10th Cir. 1979).

knowledge, and other conditions of mind of a person may be averred generally."[18]  To plead fraud with the required particularity, a plaintiff typically must allege the "time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[19]

In their general allegations section of the First Amended Complaint, the plaintiffs generally allege that: (1) the defendants repeatedly reassured Earl, Elaine, and the plaintiffs that Matthew had enacted a wealth protection and estate plan that effectuated Earl's and Elaine's intent that their estate be divided equally among their four children;[20] (2) between 1986 and 2002, the defendants represented to Earl, Elaine, and the plaintiffs that the assets would be protected in various trusts, annuities, and/or corporate entities;[21] (3) from 1988 to the present, the defendants knowingly or recklessly made misrepresentations about the existence of trusts and trust documents, funding of trusts, effects and purposes of certain real property conveyances, and multiple other material facts for the purpose of inducing Earl, Elaine, and the plaintiffs to rely on their misrepresentations, which reliance was justifiable;[22] and (4) contrary to the defendants' representations that they had enacted a wealth preservation and estate plan so that the estate would be equally distributed among the four children, the defendants converted the estate

---

[18] Fed. R. Civ. Pro. 9(b).

[19] Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[20] *See* First Amended Complaint ¶ 44.

[21] *See id.* at ¶ 26.

[22] *See id.* at ¶¶ 28, 107(a).

assets.[23]  In their sixth claim for relief – their fraud claim – the plaintiffs allege that the "defendant" made express representations to the plaintiffs about Earl and Elaine's living estates and post-death distribution plans.[24]  The plaintiffs allege that the representations concern material facts about the estates and testamentary intention and that the defendants knew the statements were false.[25]  The plaintiffs further allege that the defendants made the misrepresentations to induce the plaintiffs to act on those misrepresentations.[26]  Finally, the plaintiffs allege that acting reasonably, the defendants did induce them to rely upon the misrepresentations and act such that they were damaged.[27]

The plaintiffs, however, have not alleged the time, place, and contents of any particular false representation, or the identity of the party making the false statements.  In addition, the court cannot find any allegation as to what action/inaction either plaintiff took because of any specific misrepresentations any defendant made to the plaintiffs.

The closest the plaintiffs come to alleging that Matthew made a specific misrepresentation is in their tortious interference claim when they allege that they had an "expectation of testamentary inheritance and/or gift based on express representations made to

---

[23] *See id.* at  ¶ 44.

[24] *See id.* at ¶ 146.

[25] *See id.* at ¶¶ 147-149.

[26] *See id.* at ¶ 150.

[27] *See id.* at ¶ 151.

them" by their parents and Matthew.[28]  However, this allegation still does not provide the particularity required by Rule 9(b).

As the defendants correctly note, most of the plaintiffs' fraud allegations involve communications between Matthew and Earl and/or Elaine.[29]  Fraud requires a misrepresentation made to "induce the other party to act upon" it and that "other party acting reasonably" must "in fact rely upon it . . . to that party's damage."[30]  The court therefore concludes that any misrepresentations allegedly made to Earl and Elaine do not support the plaintiffs' fraud claim (as opposed to a fraud claim of the estate, which is not a party) against the defendants.

In sum, the plaintiffs' First Amended Complaint refers only generally to communications between the plaintiffs and the defendants.  Accordingly, the court concludes that the plaintiffs failed to pleaded fraud with sufficient particularity.

---

[28] *See id*. at ¶¶ 141-142.

[29] *See id*. at ¶¶ 28, 52, 55, 62, 63, 107(b)-(k).

[30] See *Gold Standard,* 915 P.2d at 1066-67.

## CONCLUSION

The court concludes that the plaintiffs have failed to plead their fraud claim with sufficient particularity. Accordingly, the court GRANTS the defendants' motion to dismiss these claims (#25). The court DENIES the plaintiffs' request for oral argument.

DATED this 13th day of July, 2006.

BY THE COURT:

Paul G. Cassell
United States District Judge